IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERMAINE CRUMP, # 196837**                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 1:20-cv-00193-BWR**

**SHENEICE HARTFIELD EVANS**                                                **DEFENDANTS**

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Jermaine Crump brought this civil action under 42 U.S.C. § 1983, challenging the conditions of his confinement while he was housed at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Compl. [1] at 4-5; Resp. [12] at 3, 5. Crump is still incarcerated by the Mississippi Department of Corrections ("MDOC") but is now housed at the East Mississippi Correctional Facility in Meridian, Mississippi. He originally sued SMCI Superintendent Joe Errington, Jerworski Mallett (an MDOC official), MDOC Commissioner Burl Cain, and Deputy Commissioner Christy Guther. Compl. [1] at 1-2. He later added Captain Sheneice Hartfield Evans as a Defendant in response to the Court's questions. Order [18]. Defendants Errington, Mallett, Cain, and Guther were eventually dismissed, Order [19] at 9-10, leaving only Captain Hartfield as Defendant. Crump is proceeding *in forma pauperis*. Order [11].

Having considered the record and applicable law, the Court finds that this case should be dismissed for the following reasons.

I. BACKGROUND

Crump's initial pleadings raised five causes of action. First, he alleged that he was wrongfully convicted pursuant "a contract" signed by his attorney and the prosecutors. Compl. [1] at 3-4. Second, Crump said that MDOC is responsible for certain unconstitutional conditions of confinement, including housing him "around the mentally insane" and discriminating against him in educational pursuits and job placement. Compl. [1] at 4. Third, he claimed that MDOC has denied him proper mental-health care. Resp. [12] at 8. Fourth, Crump said that unnamed MDOC officials failed to protect him from a November 2015 attack by another inmate, during which he was injured and "required stitches to the side of his eye socket." Resp. [12] at 3; *see also* Compl. [1] at 4-5; Resp. [14] at 5. Fifth, Crump said that Captain Hartfield failed to protect him from an April 2019 attack by another inmate, during which he was bitten and later contracted a staph infection. Resp. [12] at 4; Resp. [14] at 5.

During the Court's initial screening, Crump's wrongful-conviction claim was dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994). Order [19] at 4-5. His failure-to-protect claim arising from the November 2015 incident was dismissed as time-barred under the applicable statute of limitations. Order [19] at 6-7. The Court permitted Crump's "failure-to-protect claim against Defendant Captain Hartfield concerning the incident that occurred in April 2019 [to] proceed." Order [19] at 10. Defendant Captain Hartfield waived service [23] and answered [24] in July 2022.

The Court conducted an omnibus hearing, which operated as a *Spears*[1] hearing, on September 28, 2022. Crump appeared *pro se*, and Captain Hartfield was represented by Attorney Brittney Eakins. During the hearing, the Court heard testimony from Crump, inquired about the specifics of his claims, and allowed defense counsel to make a similar inquiry. Crump indicated at the hearing that he wishes to dismiss his claims related to the denial of medical care, conditions of his confinement, and the April 2019 assault by another inmate. Crump further indicated that the only claim he wishes to pursue in this lawsuit is a claim about an attack by another inmate, which occurred either in late 2015 or late 2016.

## II.   DISCUSSION

A.   The Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court. The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2)(B). This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

3

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Because the Court has permitted Crump to proceed *in forma pauperis*, Order [11], this case is subject to the provisions allowing for *sua sponte* dismissal under § 1915(e)(2)(B).

B.  Voluntary Dismissal of Certain Claims

Following the Court's Order of Partial Dismissal [19], the only claims arguably remaining in Crump's lawsuit related to the denial of medical care, conditions of his confinement, and the April 2019 assault by another inmate. Specifically, the Court inquired at the omnibus hearing whether Crump wishes to pursue his claim that MDOC has failed to provide him with adequate psychological and psychiatric care while at SMCI. The Court also inquired at the omnibus hearing whether Crump wishes to pursue his claim that MDOC provided him with inadequate educational opportunities at SMCI. And the Court inquired at the omnibus hearing whether Crump wishes to pursue his claim that Captain Hartfield failed to protect him from an attack by another inmate in April 2019. In response to each inquiry, Crump informed the Court that he wishes to dismiss these claims. Accordingly, Crump's claims related to the denial of medical care, conditions of his confinement, and the

April 2019 assault by another inmate are dismissed without prejudice. *See* FED. R. CIV. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, . . . a [voluntary] dismissal . . . is without prejudice.").

C.    Statute of Limitations

At the omnibus hearing, Crump pressed a claim that he was assaulted by another inmate in late 2015 or late 2016. It is unclear from his testimony whether this assault is the same one raised by his pleadings, Resp. [12] at 3, and subsequently dismissed, Order [19] at 10. Crump's pleadings raise the issue of an assault in November 2015, Resp. [12] at 3, but his testimony at the omnibus hearing implicated both late 2015 and late 2016 as the relevant timeframe. Whether the assault occurred in 2015 or 2016, this claim is barred by the applicable statute of limitations.

There is no federal statute of limitations for civil rights actions brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims." *Id.* at 240-41 (quotation omitted). "The applicable Mississippi statute of limitations period is three years." *Whittington v. City of McComb*, No. 5:15-cv-00052-DCB-MTP, 2016 WL 8223427, at *3 (S.D. Miss. Nov. 23, 2016) (citing MISS. CODE ANN. § 15-1-49). "While Mississippi law governs the applicable limitations period, 'the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference

5

to state law.'" *Id*. at *4 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "As such, an action accrues when a plaintiff has 'a complete and present cause of action.'" *Id*.

Based on Crump's testimony at the omnibus hearing, he was aware as early as late 2015 of the attack by another inmate. Giving him the benefit of liberal construction, Crump became aware of the attack at least by late 2016. But he did not file this lawsuit until June 8, 2020—well after the three-year statute of limitations had expired under either timeline. Crump's § 1983 claim relating to an assault in late 2015 or late 2016 is thus time-barred and should be dismissed as legally frivolous under § 1915(e)(2)(B)(i). *See Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003) (affirming dismissal of prisoner § 1983 case because it was barred by the statute of limitations).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED**. Crump's claims related to the denial of medical care, conditions of his confinement, and the April 2019 assault by another inmate are **DISMISSED WITHOUT PREJUDICE**. His claim related to an assault by another inmate in late 2015 or late 2016 is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 3rd day of October, 2022.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE